## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 05-CV-674-WDS |
| | ) |
| JANET PAYTON, individually and as | ) |
| Guardian of the Estate of ALEXANDER | ) |
| MESSINA, a minor, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss plaintiff's complaint, to which plaintiff has filed a response, and defendants a reply.

In this declaratory judgment action, the plaintiff insurance company seeks a declaration that it is entitled to a setoff in the amount of $50,000 per award granted to each defendant at arbitration.  Plaintiff brought the action in this Court based on diversity jurisdiction. The underlying facts are as follows.  Defendant Janet Payton and her minor son were involved in an automobile accident caused by Samuel Risby.  Risby was insured by The Hartford; after the accident The Hartford paid $50,000 to Janet Payton, individually, and $50,000 to Janet Payton, as her son's guardian.  Payton then submitted a claim to plaintiff under her underinsured motorist policy, and the matter was thereafter submitted to arbitration.  At arbitration, awards were entered in the amount of $107,473 to Payton, individually, and $110,000 to Payton, as her son's guardian.  Plaintiff thereafter tendered checks to defendants in the amounts of $57,473 and 60,000, which represented payment of the awards after deducting the payments totaling $100,000 made by The Hartford. Defendants assert that plaintiff is not entitled to a setoff of $50,000 per award, and have filed the instant motion to dismiss the complaint for declaratory

judgment.

To sustain a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiffs.  See, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 537 (7th Cir. 2003).  Dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations in the complaint.  See, *Conley*, 355 U.S. at 45-46; *Weizeorick v. ABN Amro Mortg. Group, Inc.*, 337 F.3d 827, 830 (7th Cir. 2003).

Defendants argue that plaintiff has not satisfied the amount in controversy requirement because plaintiff cannot aggregate the two $50,000 awards to meet the amount in controversy requirement.  In a declaratory judgment action, "the value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment." *America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (citing *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir.1979)).

Here, plaintiff argues, an adverse judgment would result in a total pecuniary loss to plaintiff of $100,000.

While it is true that the Seventh Circuit has adopted the "either viewpoint" approach, namely, that the amount in controversy can be determined from either party's viewpoint, see, *McCarty*, 595 F.2d at 395, the Seventh Circuit has also held that the amount of controversy from the defendants' point of view in a class action lawsuit is the amount the defendants risk paying each plaintiff, not all plaintiffs.  See, *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).  As applied here, the amount in controversy from the plaintiff's viewpoint is the amount it risks paying each defendant, namely, $50,000, not the $100,000 aggregate sum that it risks

2

paying to both defendants.[1] See, e.g., *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.") (citing *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir.1969)); *Am. Standard Ins. Co. of Wis. v. Rogers*, 123 F. Supp.2d 461, 464 (S.D. Ind. 2000) ("claims by a single plaintiff against multiple defendants cannot be aggregated in order to reach the amount in controversy unless the two defendants could be held jointly liable on claims that satisfied the jurisdictional amount") (cite omitted).  Accordingly, the plaintiff has not shown that the amount in controversy exceeds the jurisdictional amount.[2]

It is unnecessary to consider defendants' remaining claim, as the Court concludes that plaintiff has not satisfied the amount in controversy requirement for diversity jurisdiction.  Based on the foregoing, the Court **GRANTS** defendants' motion to dismiss.  This action is **DISMISSED** for lack of subject matter jurisdiction.

---

[1]For purposes of this determination, the Court notes that Janet Payton, individually, and Janet Payton, as her son's guardian, are two distinct legal entities and therefore, two separate defendants.

[2]Plaintiff also argues that even if the defendants' claims are considered separately, the amount in controversy requirement has been met as to each defendant because the defendants are seeking "bad faith" penalties against the plaintiff in state court. Plaintiff asserts that the "bad faith" damages are part of the amount in controversy for purposes of this proceeding, because if the Court determines that plaintiff is entitled to a setoff, the "bad faith" claims in the state court would then be extinguished.  However, the amount in controversy requirement must be satisfied as to the action before the Court, and, clearly, in no way are the "bad faith" claims before this Court.  Here, the plaintiff's complaint merely seeks a declaration that it is entitled to a $50,000 setoff per award granted to each defendant at arbitration.

As defendants suggest, the cases cited by plaintiff in support of its argument stand only  for the proposition that *where the issue of statutory penalties against an insurer is before a federal court*, the amount of those penalties is to be included in the calculation of the amount in controversy, rather than excluded as costs.  See, e.g., *Batts Rest., Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969).  Plaintiff has provided no legal authority to support its claim that the Court, in determining whether the amount in controversy requirement has been satisfied, must consider the amount of any possible statutory penalties which may be imposed in a state court action.

**IT IS SO ORDERED.**

**DATED: November 2, 2005**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**